UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-81074-RAR

**SECURITIES AND EXCHANGE COMMISSION**,

    Plaintiff,
v.

**SCOTT P. STROCHAK**,

    Defendant.
_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** comes before the Court on Plaintiff's Unopposed Motion for Entry of Consent Judgment [ECF No. 3] ("Motion") filed on August 19, 2019. For the reasons set forth in the Order Granting the Motion [ECF No. 4] entered separately on August 20, 2019, it is hereby

**ORDERED AND ADJUDGED** that the Consent Final Judgment is hereby **ENTERED** in favor of Plaintiff, and against Defendant, as follows.

    1.    *Permanent Injunctive Relief*: Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act (15 U.S.C. § 77q(a)) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser, with respect to: (i) any investment strategy or investment in securities; (ii) the prospects for success of any product or company; (iii) the use of investor funds; (iv) compensation to any person; or (v) the misappropriation of investor funds or investment proceeds.

2. *Permanent Injunctive Relief*: Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, with respect to: (i) any investment strategy or investment in securities; (ii) the prospects for success of any product or company; (iii) the use of investor funds; (iv) compensation to any person; or (v) the misappropriation of investor funds or investment proceeds.

3. *Permanent Injunctive Relief*: Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Securities Exchange Act (15 U.S.C. § 78o(a)) by using the mails or other means or instrumentalities of interstate commerce, to effect transactions in, or to induce or attempt to induce the purchase or sale of securities, without being

associated with a broker or dealer that was registered with the Commission in accordance with Section 15(b) of the Exchange Act (15 U.S.C. § 78o(b)).

4. Defendant is **LIABLE** for disgorgement of $245,122.16, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,934.56, but the total of such disgorgement and prejudgment interest, $250,056.72, shall be offset, up to the full amount of said payment obligation, by the sum total of any order of restitution and/or forfeiture entered against Defendant in a related criminal case in the Southern District of Florida, *United States v. T. Jonathon Turner, et. al.*, Case No. 19-cr-80073-Rosenberg (S.D. Fla 2019) ("Criminal Case"). Defendant shall satisfy any such portion of said payment obligation that remains following said offset by paying such remainder to the Securities and Exchange Commission **within fourteen (14) days** after entry of the order of restitution and/or forfeiture in the Criminal Case. Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; "Scott P. Strochak" as the Defendant in this action; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.

By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury, subject to section 21F(g)(3) of the Securities Exchange Act of 1934. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after **fourteen (14) days** following entry of the order of restitution and/or forfeiture in the Criminal Case. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. section 1961.

5. Defendant's Consent [ECF No. 3-1] filed in conjunction with the Motion is incorporated herein with the same force and effect as if fully set forth herein, and Defendant shall comply with all of the undertakings and agreements set forth therein.

6. The Court shall **RETAIN** jurisdiction of this matter and over Defendant in order to implement and carry out the terms of this Judgment and all Orders and Decrees that may be entered, to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and to order any other relief that this Court deems appropriate under the circumstances.

7. The Clerk shall mark this case as **CLOSED**.

8. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 20th day of August, 2019.

_____
**RODOLFO RUIZ**
**UNITED STATES DISTRICT JUDGE**